8:02-CV-1423-T-26TGW

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION



FILED

AUG 06 2002

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

JOHN B. SILLS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Docket Number

8:00-CR-206-T-26(B)

---

## PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

---

**NAME OF PETITIONER:** John B. Sills

**PRISONER NUMBER:** 39050-018

### MOTION

1. **Name and location of Court which entered judgment of conviction under attack:** United States District Court, Middle District of Florida, Tampa Division, the Honorable Judge Richard A. Lazzara, United States District Judge

2. **Date of judgment of conviction:** December 15, 2000

3. **Length of sentence:** 27 Months - Combined, Aggregate Sentence

4. **Nature of offenses involved:** 18 U.S.C. § 2252A(a)(5)(B)- Possession of Child Pornography; 18 U.S.C. § 2422(b)- Enticement of a Minor.

5. **What was your plea?** Guilty to both Counts

6. **If you led not guilty, what kind of trial did you have?** Not Applicable

7. **Did you testify at trial?** Not Applicable

8. **Did you appeal the judgment of conviction?** Not Applicable

/

9.  If you did appeal, answer the following:
    (a) Name of Court:    Not Applicable
    (b) Result:           Not Applicable
    (c) Date of result:   Not Applicable

10. Other than direct appeal from judgment of conviction and sentence, have you previously filed any petition, applications, or motions with respect to this judgment, in any federal court?:   No

11. If your answer is "yes" to 10 above, give the following information:   Not Applicable

12. State concisely every ground on which you claim that you are being held in violation of the constitution, laws, or treaties of the United States:

    (A) Ground one:   Conviction and sentence for a violation of 18 U.S.C. § 2252A(a)(5)(B) is unlawful and unconstitutional.

    Supporting facts:   On April 16, 2002, in unrelated litigation, the Supreme Court of the United States found the definitions of 18 U.S.C. § 2256(B) and 2256(D) overbroad and in violation of the First Amendment's Free Speech Clause. The Statute, 18 U.S.C. § 2252A, which relies on these definitions to give them meaning, ipso-facto, became invalid and unconstitutional.

    (B) Ground two:   The indictment is unlawful

    Supporting facts:   Count two of the indictment charges a violation of a statute that has been found unlawful and unconstitutional by way of the definitions upon which it relies to give it meaning being found

overbroad and in violation of the First Amendment's Free Speech Clause, and as such, the conduct proscribed under that statute and the offense charge in the indictment are not unlawful.

(C) **Ground three:** The evidence seized under search warrant, which relied on an unconstitutional statute was unlawfully seized and subjected to an unlawful forensic examination, in violation of the Fourth Amendment to the Constitution of the United States. **Supporting facts:** The search warrant executed subsequent to the Petitioner's arrest relied on a violation of 18 U.S.C. 2252A and other provisions of the Child Pornography Prevention Act of 1996 (CPPA). This statute and the statutes under that Act which rely on the definitions in 18 U.S.C. § 2256(B) and § 2256(D), which were found to be overbroad and in violation of the First Amendment's Free Speech Clause, are ipso facto likewise unlawful and unconstitutional. The Conduct, material and the images proscribed by the Act and the Statute are not unlawful. The seizure of the material and the images was unlawfully done and is a violation of the First and Fourth Amendments to the Constitution of the United States.

(D) **Ground four:** The Plea Agreement is unlawful. **Supporting facts:** The plea agreement was made to a statute, 18 U.S.C. § 2252A(a)(5)(B), which was de facto found unconstitutional when the

United States Supreme Court found the definitions in 18 U.S.C. § 2256(B) and § 2256(D) overbroad and unconstitutional in unrelated litigation on April 16, 2002. A plea to an unlawful or unconstitutional statute is not a plea and is void.

(E) **Ground five:** The sentence impose is illegal and the Court lacked jurisdiction to impose a sentence under an unlawful and unconstitutional statute. **Supporting facts:** The sentence imposed for a violation of 18 U.S.C. § 2252A(a)(5)(B) is unlawful and the Court lacked jurisdiction to impose a sentence where the conduct proscribed under that statute is not unlawful.

13. **If any of the grounds listed in 12A-E above, were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:** None of the above grounds have previously been presented in any petition, application, or motion at this is the Petitioner's first appeal.

14. **Do you have any petition or appeal now pending in any court as to the judgment under attack?** No

15. **Give the name and address, if known, of any attorney who represented you in any of the following stages of the judgment attacked herein:**
    (a) Preliminary Hearing:   Mr. Adam Allen
                               Assistant Public Defender
                               501 East Polk, Suite 1000
                               Tampa, Florida 33602
    (b) At Arraignment and plea:   Same as (a) above
    (c) At trial:   Same as (a) above

    (d) At sentencing: <u>Same as (a) **above**</u>

    (e) At appeal: <u>Not Applicable</u>

    (f) In Post-Conviction proceeding: <u>Not Applicable</u>

    (g) On appeal from any adverse **ruling** in a post-conviction proceeding: <u>Not Applicable</u>

16. Were you sentenced on more than on count of an indictment, or on more than one indictment, in the same court and at the same time?: <u>Yes, I was sentenced to Count One of the indictment at the same time as this sentence was imposed.</u>

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?: <u>No, Once this sentence is vacated, I will have completed all time imposed for Count One.</u>

Wherefore, Petitioner prays that the Court grant relief to which he is entitled in this proceeding.

                                              **Respectfully submitted,**

                                              _/s/ John B. Sills_

                                              John B. Sills

                                              **Pro-Se**

_8-1-02_

**Date**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

FCC Coleman, Florida Sumter County

Subscribed and sworn before me this ___ day of August, 2002

_/s/_ Case Manager

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004.)

Notary Service is no longer available to inmates at the Federal Correctional Complex, Coleman - **Low**. Accordingly my signature is witnessed below.

_____
John B. Sills

FCC Coleman, Florida  Sumter County
Subscribed and sworn before me this 1st day of August, 2002.
_____
Case Manager

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004.)