**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN B. SILLS,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 8:00-CR-206-T-26(B)

FILED AUG 6 2002

8:02CV1423-T-26TGW

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE,**
**OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

---

## I.    HISTORY OF THE CASE:

Petitioner, John B. Sills, challenges his conviction for Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B).

On May 24, 2000, subsequent to an on-going investigation by the Federal Bureau of Investigations "Innocent Image" Task Force, under which Agents from the Task Force posed as a 14 year old girl named Karen, using the Internet On-Line Screen Name of "karenf114@yahoo.com", arrested the Petitioner for Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

During the subsequent interrogation of the Petitioner, he admitted to the Task Force Agents that he had downloaded via the Internet approximately twenty (20) computer images that may be considered child pornography.

On May 24, 2000, acting on a search warrant, Task Force Agents seized a computer from the Petitioner's house.  Analysis of the computer disclosed eight (8) images and three (3) video clips that purportedly contained images of child pornography.

On September 11, 2000, the Petitioner entered a plea of "guilty" to Counts One and Two of the indictment

2

and on December 15, 2000, was sentenced to a combined aggregate sentence of 27 months, and 3 years of supervised release.

The Petitioner has subsequently served 18 months of that sentence.

II.    **STATEMENT OF FACT:**

    On April 16, 2002, in litigation not related to the
Petitioner, the United States Supreme Court ruled in
<u>Ashcroft v. Free Speech Coalition</u>, **122** S.Ct. 1389 (2002),
that the provisions of the Child Pornography Prevention
Act of 1996, that prohibits the knowing reproduction,
distribution, sale, reception, or possession of "any
visual depiction, including any ... computer generated
image or picture" that "is, or appears to be, of a minor
engaging in any sexually explicit conduct," 18 U.S.C.
§ 2256(8)(B), or of any sexually explicit visual depiction
that is promoted in a manner that "conveys the impression"
that it depicts a minor engaging in sexually explicit
conduct, 18 U.S.C. § 2256(8)(D), are overbroad in violation
of the First Amendment's Free Speech Clause.

    The Court further held that the "prohibitions of
§§ 2256(8)(B) and 2256(8)(D), are overbroad and unconstitutional.
Having reached this conclusion, we need not address the
respondents's further contention that the provisions
are unconstitutional because of vague statutory language."

    The Supreme Court's ruling in <u>Ashcroft</u>, decriminalized
the conduct proscribed in 18 U.S.C. § 2252A(a)(5)(B),
which relies on the definitions of 18 U.S.C. § 2256(B)
and 2256(D), to give it meaning.

    The Petitioner's indictment, arrest, plea and sentence
are all unlawful as they allege a violation of a statute
that has been ipso-facto found unconstitutional, and
unlawful, by the United States Supreme Court finding
the definitions of 18 U.S.C. § 2256(B) and § 2256(D)
overbroad and in violation of the First Amendment's Free
Speech Clause, and therefore decriminalizing the conduct
proscribed in 18 U.S.C. § 2252A(a)(5)(B).

    As the definitions that give 18 U.S.C. § 2252A(a)(5)(B)
were found unconstitutional, no crime may lawfully be
charge thereunder.

The Supreme Court created new **law** in finding the prohibitions of 18 U.S.C. § 2256(8)**(B)** and § 2256(8)(D) unconstitutional. The conduct **proscribed** under the Child Pornography Prevention Act of 1996 **was** decriminalized and therefore no violation of it **may be** lawfully upheld.

In <u>ex-parte Siebold</u>, 100 U.S. **371**, 25 L.Ed. 717, the Supreme Court held, in 1878, **"An unc**onstitutional law is void, and is no law.  An **offense** created by it is not a crime.  A conviction und**er it** is not only erroneous, but is **illegal** and void, and cannot **be a** legal cause of imprisonment."  The Court fur**ther held**; "Ithe validity of the judgment is assailed on **the ground**s that the acts of Congress **under which** the indic**tments** were found are unconstitutional."  Further in <u>Park v. United States</u>, 832 F.2d 1244 (11th Cir. 1987), **the Court** held Ithat "... due process protects a defen**dant's** right not Ilo be sentenced on the basis of false **inform**ation and invalid premis."

The Petitioner's incarceration **under** 18 U.S.C. § 2252A(al)(5)(B), is unlawful and out**side** the jurisdiction of the Court.  As the prohibitions **of the** Statutes within the Child Pornography Prevention **Act of** 1996 (CPPA), which rely on the definitions **within 18** U.S.C. § 2256(B) and § 2256(D), which **were** found un**const**itutional, is not unlawful, the Court had no **jurisdiction** to impose an unlawful sentence under 18 U.**S.C. §** 2252A(a)(5)(B).

This Court, therefore, imposed **an** illegal and constitutionally unsupportable **sentence** on the Petitioner and the Petitioner is therefore **held unlawfully** with out a legally constituted or constructed statute to imprison him.

## III.  ARGUMENTS

### A.  Failure to raise question in criminal prosecution or on direct appeal.

The Petitioner states that at the time of his conviction and sentence, the ruling in Ashcroft had not been made by the Supreme Court, and therefore the Petitioner could not have raised the issue during any aspect of his prosecution.  As this is the Petitioner's first appeal, this is the first time this issue is raised to this Court.

The Petitioner relies on McCann v. United States, 217 F. Supp 751 (1963).  McCann raises the issue of a prisoner challenging the constitutionality of the Statute under which he was convicted.  The District Court of Colorado held "the constitutionality of a statute under which a person has been convicted may be challenged in a proceeding to vacate judgement and sentence although constitutionality of the statute was not raised in criminal prosecution which resulted in a judgment and sentence."  The Court relied on ex-parte Siebold, 100 U.S. 371, 25 L.Ed. 717 (1879), which held in part, "[A] unconstitutional law is no law.  An offense created by it is not a crime.  A conviction under it is not merely erroneous, but is illegal and void, and cannot be legal cause of imprisonment."

Further, the United States Supreme Court held in Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed. 2d 109 (1974), "[P]etitioners may use 28 U.S.C. § 2255 motions to challenge convictions obtained under a statute subsequently declared invalid by the courts."  The Court reasoned that to uphold a conviction "for an act that the law does not make criminal ... 'inherently results in a complete miscarriage of justice', and present[s] exceptional circumstances that justify collateral relief under § 2255."  Id. 417 U.S. at 347, 110 S.Ct. at 2305; see also United

States v. Addonizio, 442 U.S. **178**, 186-187, 99 S.Ct.
2235, 2241, 60 L.Ed. 2d 805 **(1979)**.

As a result of Davis, **"the doors** of collateral
review are open for petiti**oners who** can show, through
intervening change in the **law, that** they could not
have committed the substan**tive offense** with which
they were charged." Sood v. **United** States, 969
F.2d at 776.

The Petitioner also **relies on** "Good cause for
failure to raise argument at **trial** was presented
by fact that [the] United **States** Supreme Court decision
upon which the argument rested **was** not decided until
after conviction became final." Rodriguez v. United
States, S.D.N.Y. 1996, 933 F. **Supp.** 279.

Further, "[f]ailure of **petitioner** seeking collateral
relief to raise an issue **which could** not have been
known to him at the time **constitutes** cause for failure
to raise issue earlier." United States v. Morris,
S.D. Miss. 1996, F. Supp. 993 **affirm**ed 117 F.3d
1418.

"Where defendant has **failed to** raise objection
to sentencing court and has **failed** to file direct
appeal on the issue," claim **of error** "... is barred
from collateral review unless **he can** demonstrate
cause for failure to raise **the claim** and actual
prejudice resulting from all**eged failure**." Eisenfelder
v. United States, M.D. Pa. 1996, **871** F. Supp. 793,
and United States v. Robinson, **W.D.** Okla. 1994,
861 F. Supp. 1031.

"Under '**cause** and prejudi**ce test**' under rule
governing motions to vacate **sentence**, the cause
must be **something** external to **the** petitioner, something
that cannot be fairly attributed **to** him, and prejudice
must be so substantial that it **under**mines the integrity
of the entire trial." Rodriguez v. United States,
S.D.N.Y. 1994, 866 F. Supp. 783.

The Petitioner asserts that he is entitled to collateral relief under 28 U.S.C. § 2255, as there was clear error and prejudice resulted from that error, in his case. The conduct proscribed in 18 U.S.C. § 2252A(a)(5)(B), was found unconstitutional, ipso-facto the definitions 18 U.S.C. § 2256(8)(B) and § 2256(8)(D) being found overbroad and in violation of the First Amendment's Free Speech Clause, in Ashcroft v. Free Speech Coalition, and therefore no crime, legally constituted under the laws of the United States and the Constitution, was committed.

At the time of sentencing, the Petitioner could not have known the decision of the Supreme Court in Ashcroft. However, the fact that the Petitioner was sentenced under a statute that is void and illegal, caused him the loss of liberty and freedom, as a result of substantial prejudice that undermined the integrity of the law, Constitution and prosecution.

The Petitioner's continued incarceration for a rime that is not a crime, is unconstitutional, inherently wrong, a miscarriage of justice, and unsupportable under the laws of this country.

**B.**   **Retroactive application of "New Law"**

     In Ashcroft v. Free Speech Coalition, the Supreme
Court created "New Law" by decriminalizing the conduct
proscribed under 18 U.S.C. § 2252A(a)(5)(B), by finding
the "prohibitions of §§ 2256(8)(B) and § 2256(8)(D)"
"Overbroad and unconstitutional."  This "New Law"
is a substantive change to the law and is not procedural
in nature, as it invalidates 18 U.S.C. § 2252A(a)(5)(B),
ipso-facto in finding the definitions of 18 U.S.C.
§ 2256(8)(B) and § 2256(8)(D) unconstitutional.
As a new "substantive" change in the law, it must
be applied retroactively.

     The measure of the retroactive application of
"New Law" is Teague v. Lane, 489 U.S. 288, 109 S.Ct.
1060, 103 L.Ed. 2d 334 (1989).  Teague holds that
"new rules of criminal procedure may not be applied
retroactively applied to cases on collateral attack
unless they fall within two narrow exceptions."
489 U.S. at 310, 311; 119 S.Ct. at 1075, 1076.

     The non-retroactive principle of Teague does
not apply to substantive decisions like Ashcroft.

     There is a distinction between new rules of
criminal procedure and new substantive decisions
rendering invalid a statute, albeit ipso-facto the
finding of the definitions unconstitutional, under
which a person seeking collateral relief was previously
convicted and punished.  Teague does not apply to
the latter.  see United States v. Sood, 969 F.2d
774, 775-776 (9th Cir. 1992);  United States v.
McClelland, 941 F.2d 999, 1001 (9th Cir. 1991).

     Not-with-standing, Ashcroft is controlled by
the first exception to Teague's non-retroactivity
clause.  Under that exception, a new rule will be
applied retroactively on collateral review "if it
places 'certain kinds of primary, private individual
conduct beyond the power of the criminal law-making
authority to proscribe.'"  Teague, 489 U.S. 307,
109 S.Ct. at 1073 (quoting Mackey v. United States,

401 U.S. 667, 692; 91 S.Ct. **1160**, 1180,; 28 L.Ed. 2d 404 (1971).

The United States Supreme Court has defined "new rules as those that were **not** 'dictated' by precident existing at the time defendant's conviction became final.'" <u>Sawyer v. Smith</u>, 497 **U.S.** 227, 234; 110 S.Ct. 2822, 2827; 111 L.Ed. **2d 193** (1990) (quoting <u>Teague</u>, 489 U.S. at 301; 109 **S.Ct.** at 1070).

The Supreme Court in <u>Ashcroft</u> found the definitions in 18 U.S.C. § 2256(8)(B) and **§ 2256(8)(D)**, overbroad and in violation of the First **Amend**ment's Free Speech Clause, and as a result, the **statutes** under the Child Pornography Prevention Act of **1996** (CPPA), which rely on those defintions, are **thus** defacto, unconstitutional, as the conduct proscribed thereunder is not unlawful.  under no lawful **construc**tion of the statute can the Petitioner be guilty **of a** crime not may his imprisonment be lawfully **constr**ued.

<u>Teague</u> does not apply as <u>**Teague**</u> speaks to "procedural" changes to the **law**.  <u>Ashcroft</u> is a "substantive" change to the **law**.  The Supreme Court's decision "thereby 'affecting **the** substance of laws', <u>Teague</u> does not apply to limit the retroactive application of [<u>Ashcroft</u>]."  <u>United States v. Sood</u>, 969 F.2d at 776.

C. **Antiterrorism and Effective Death Penalty Act of
1996**

The Antiterrorism and **Effective** Death Penalty
Act of 1996 establishes a one-**year** period of limitations
for the filing of habeas corpus **and** § 2255 petitions.
In many cases the petition's **limitat**ions period runs
from the date on which the jud**gement** of conviction
and sentence became final upon **comp**letion of direct
review.   In other case, however, the petition's limitations
period runs from a later date - **e.g.**, the date on
which a unconstitutional **impediment** to filing a claim
in the petition was removed, **or the** date the legal
or factual basis for a claim **in the** petition first
became discoverable through **the exer**cise of due diligence.
The statute of limitations **is tolled** while properly
filed postconviction proceed**ing are** pending.

When the Supreme Court **found** the definitions
in 18 U.S.C. § 2256(8)(B) and **§** 2256(8)(D) overbroad
and in violation of the First **amend**ment's Free Speech
Clause, they removed the "unconstitutional impediment"
preventing the Petitioner **from fil**ing for postconviction
relief.   The action also only **became** discoverable
by the Petitioner, through due **diligence**, on the
date that the Supreme Court **entered** its decision,
April 16, 2002.   As such, the **tolling** provisions
of the AEDPA triggered on that **date**, and are not
an obstruction to the Petitioner **seeking** postconviction
relief under 28 U.S.C. § 2255.

D. __Indictment__

The Petitioner asserts **that the** indictment issued
by the United States District **Court,** Middle District
of Florida, Tampa Division, **was unlawful** and that
the Grand Jury lack authority **to charge** a crime
that **was** not a crime under **the First** Amendment of
the Constitution of the United **States.** As such,
no crime could be committed under 18 U.S.C. § 2252A(a)(5)(B)
cited in the indictment and **the Grand** Jury lacked
the jurisdiction to return an **indictment** where no
law had been broken and no **offense** could be legally
construed.

The Petitioner relies **on,** "[A]n indictment may
not be collaterally attacked **on a motion** to vacate
sentence except for lack of **jurisdiction** or infringement
of Constitutional rights." __United__ States v. Spada,
CA 2 **(NY)** 1964, 331 F.2d 995; **certoriari** denied 85
S.Ct. 130,; 379 U.S. 895, 13 **L.Ed.** 2d 67; see also
__Parovtian v. United States__, D.C.N.Y. 1971, 297 F.
Supp. 137.

The "sufficiency of **indictment** or information
is not open to collateral **attack after** conviction
unless it appears that **circumstances** are exceptional,
the questions raised are of **large** importance, that
need for remedy sought is **apparent,** and that offense
charged was one of which **sentencing** court manifestly
had no jurisdiction." __Taylor v. United States__, CA
8 (Mo) 1964, 332 F.2d 918; **see also:** __Keto v. United
States__, 8th Cir., 189 F.2d 247, **251,** (quoting from
Judge Sandborn); __Keto__ was **reaffirmed** in __Barnes
v. United States__, 8th Cir. 1952, 197 F.2d 271

The Petitioner asserts **the indictment** was unlawful
and that the Court lacked **jurisdiction** to charge
an offense where the conduct **proscribed** under the
statute cited is not unlawful, **as the** definitions

upon which the statute relies has been found
in violation of the First Amendment.  The Petitioner
further asserts that the question of constitutionality
of the statute definitions decided in Ashcroft, is an
"exceptional circumstance" and of "large importance"
and that "the sentencing court manifestly had no
jurisdiction", within the meaning of Taylor and Keto.
The "need for remedy" sought is "apparent" as the
unlawful conviction and sentence imposed by the Court
are a direct abridgement of the Petitioner's
fundamental rights to liberty and freedom.  The
Petitioner has a Constitutionaly guaranteed right
not to be imprisoned unlawfully.

In Lauer v. United States, 7th   Cir., 320 F.2d
187, the court held, "... in connection with whether
the sufficiency of an indictment is subject to attack
in a § 2255 proceeding, this court has stated the
rule to be that an indictment is not open to collateral
attack 'unless' it fails to charge an offense under
any reasonable construction."  quoting United States
v. Koptik, 7th Cir., 300 F.2d 19, 22.

The indictment in the Petitioner's case cites
a violation of a statute that the United States Supreme
Court has found, ipso-facto, to be in violation of
the First amendment's Free Speech Clause, by finding
the definitions on which it relies, overbroad, and
is therefore unlawful.  The Grand Jury lacked the
jurisdiction to render an indictment where no offense
"under any reasonable construction" had been committed.
The Court lacked jurisdiction to impose a sentence
where no offense, "under any reasonable construction",
could be charged.

The indictment is therefore unlawful and the
Court lacked the jurisdiction to impose sentence.

E.  **Plea Agreement**

The Petitioner's plea agreement is unlawful and
was given in violation of the laws of the United
States.  "A defendant's knowing and voluntary waiver,
as part of a plea bargain, of his right to appeal
his sentence, cannot extend to an allegedly illegal
sentence." United States v. Andis, 8th Cir. Z77 F.3d
984, 986 1/17/02.  The Court in Andis relied on United
States v. Michelsen, 141 F.3d 867 (8th Cir. 1986),
in which that Court held "... the right to appeal
an illegal sentence is 'implicitly preserved' despite
any waiver."

Furthermore, the majority in Andis noted "DeRoo
illustrated the non-absolute nature of waivers of
appellate rights by saying that '[for] example,
defendants cannot waive their right to appeal an
illegal sentence or sentence imposed in violation
of the terms of an agreement.'" (quoting DeRoo v.
United States, 223 F.3d 919, 923 (8th Cir. 2000)).

The Court in DeRoo stated, "[a]s a general rule
we see no reason to distinguish the enforceability
of a waiver of direct appeal rights in the plea
agreement context." (citing Latorre v. United States,
193 F.3d 1035, 1037 n.1,, (8th Cir. 1999))

In United States v. Martin, 961 F.2d 493, 496
(4th Cir. 1992), the court held that "[t]he government
and the defendant cannot bargain away the defendant's
right to object to the future unlawful actions of
a third party." In Andis, the court held that the
third party was the sentencing judge and the illegal
act was the imposition of an illegal sentence under
an unlawful law.

In United States v. Gaither, M.D. Pa. 1996,
926 F. Supp. 50, the court ruled that the "defendant

did not breach agreement ... **by moving** to vacate his conviction after Supreme **Court** decision which decriminalized conduct which **was ba**sis for plea."

The Court further held, "[d]efendant's indictment, plea and incarceration are **improper**" though while sufficient to sustain the **conviction** when the plea was made, "... is insufficient **to** sustain defendant's conviction in light of the S**upreme** Court's recent decision."

It is also basic contract **law** that no contract is legal or binding, if the **law upon** which it draws, is unlawful or unconstitu**nal**.

In light of the Supreme **Court**'s decision in Ashcroft, finding that the **definitio**ns upon which 18 U.S.C. § 2252A(a)(5)(B) **relies** on, 18 U.S.C. § 2256(8)(B) and § 2256(8)(D), **are "**overbroad and in violation of the First Amend**ment's** Free Speech Clause, The Petitioner's Plea a**greement to** a violation of 18 U.S.C. § 2252A(a)(5)(B), **is null** and void.  There exists no "reasonable const**ruction"** of the statute that supports the upholding **of a wa**iver of the Petitioner's right to appeal, under an **unlawful** and unconstitutional statute.

**F.    Court decisions since Ashcroft v. Free Speech**

  Recent summary actions by the United States
Supreme Court, handed down on April 22, 2002, bear
directly on the Petitioner's motion to vacate, and
the retroactive application of the Court's decision
in Ashcroft v. Free Speech Coalition.

Newkirk v. United States, 11th Cir. Unpublished 3/30/01
Tampico v. United States, 5th Cir. Unpublished 7/6/01
Fox v. United States, 5th Cir. 248 F.3d 394
Peebles v. United States, 5th Cir. Unpublished 10/16/01
Mento v. United States, 00-9114, 4/22/02
O'Connor v. United States, 01-836, 4/22/02
Snow v. United States, 01-7494, 4/22/02

  The United States Supreme Court vacated the
judgments on all of the above cited case on April
22, 2002, as a result of Ashcroft, and retroactively
applied their ruling in Ashcroft to these cases that
were all filed before Ashcroft was decided and the
conduct of the Petitioner's was likewise prior to
Ashcroft.

  The Court also addressed the issue of application
of Ashcroft to cases involving plea agreements, by
vacating the judgment in Peebles v. United States.

  In vacating Peebles's conviction, which was
upheld by the 5th Circuit, the Court did not see
the need to address the waiver of Peebles' conviction
as a result of an illegal plea agreement.

  On May 8, 2002, the 11th Cir. ruled in United
States v. Bender, 290 F.3d 1279, a case wherein the
defendant, Bender, had been convicted of transportation
of child pornography and possession of a computer
disk containing child pornography.  Bender appealed
his conviction, but he did not attack his conviction
based on the issues decided by the Supreme Court

in Ashcroft v. Free Speech. **Bender** challenged his
conviction and sentence based **on "**(1) application
of sentencing guideline for **traffic**king in child
pornography, rather than mere **posse**ssion, was erroneous;
(2) defendant was subject to **a four**-level sentence
enhancement applicable when **material** involves sadistic
conduct; and (3) defendant **was subj**ect to five level
enhancement on ground he di**stribu**ted material in
question 'for gain.'"

Bender does not raise the **same** issues as the
Petitioner, and the cases are **distinc**tly dissimilar
as to be 'apples and oranges'.

The 11th Circuit held in **Bender**, "The provisions
[of Ashcroft] are not at issu**e in t**his case.  Moreover,
because there is sufficient **evidence** that the images
portray real children, we con**clude** that [Ashcroft]
is not pertinent to the issue**s we** must decide."

The Court reached this **conclusi**on because the
Government was able to produc**e the** real children
in prosecuting Bender and Bender **was** charged not
with mere possession but rath**er with** production of
and the sale of child porno**graphy.**

In the Petitioner's case**, these** elements do
no exist.  The Petitioner was **charg**ed with mere possession
and not with production or **sale.**

Bender, therefore is not **applic**able to the Petitioner's
case.

On April 15, 2002, the **Supreme** Court accepted
and subsequently granted cert**iorari** to Rapier v.
United States, 5th Circuit, unpub**lish**ed, 1/24/02.
The Court has granted certior**ari an**d has set Rapier
on the docket for the coming **session.**  Rapier seeks
clarification on: (1) Could **defen**dant constitutionally
be convicted under 18 U.S.C. **§ 2252A**(a)(1) and §
2256 (interstate or foreign **transpor**tation of child
pornography), and §§ 2252A(a)**(5)(B)** and 2256 (possession
of child pornography), under **indict**ment that specifically
defined child pornography as **materia**l that "appears

to be of a minor" and/or "conveys impression that
material is or contains visual depiction of a minor engaging
in sexually explicit conduct?  (2) **Did** mandatory minimum
sentence imposed on defendant under § 2252A(b) violate
rule of <u>Aprendi v. New Jersey</u>, 530 U.S. 466, 67 CrL 483
(2000)?

<u>Rapier</u> addresses the specifics of the issues that
Government may rely on, in an assertion that because
one definition is struck by the Supreme Court, the remaining
definitions are valid.  <u>Rapier</u> speaks to the fact that
the charge that was submitted to the Grand Jury, and
which the Grand Jury returned and indictment to, relied
upon the unconstitutional definition in 18 U.S.C. § 2256(8)(B).

Even if the Government should make the argument
that the Grand Jury returned the indictment based upon
the whole of the definitions in 18 U.S.C. § 2256(8),
the mere presence of the two unconstitutional definitions,
in the overall statute of definitions that the Grand
Jury had to consider, tainted the entire proceedings.
The indictment was therefore unlawful.

## IV.    CONCLUSION

All of the issues and arguments that have been made,
have previously been decided in Chamber v. United States,
(9th Cir. 1994), 22 F.3d 939; vacated 47 F.3d 1015.  The
Court in Chambers held that: "(1) decision which invalidated
entire child pornography statute applied retroactively
and invalidated convictions under that statute, even if
new rule was enunciated by decision; (2) section of child
pornography statute invalidated on constitutional grounds
was not severable from rest of statute; and (3) failure
to raise constitutional challenge before pleading guilty
or on direct appeal did not bar review."

The fact that Ashcroft found that the definitions
in 18 U.S.C. § 2256(8)(B) and § 2256(8)(D), invalidated
the remaining statutes under the Child Pornography Prevention
Act of 1996 (CPPA), that rely on those definitions.  As
such, 18 U.S.C. § 2252A(a)(5)(B), which relies on those
definitions, is ipso-facto likewise invalid.  Without
a proper definition of what child pornography is, the
statute, 18 U.S.C. § 2252A(a)(5)(B), has no valid meaning
and is therefore unconstitutional and unenforceable.

When the Supreme Court found the definitions in 18
U.S.C. § 2256(8)(B) and § 2256(8)(D) overbroad and in
violation of the First Amendment's Free Speech Clause,
they did so by finding the wording, "is, or appears to
be ..." overbroad.  The Court did not parse out the word
"is".  The fact that "is" is a part of the definition
that the Court found overbroad, and the fact that the
Court did not remove that word from their decision, is
highly significant.  The inclusion of the word "is" in
the definition means that it is not limited to just images
that "appear to be" as the Government wishes to convey,
but is inclusive of all images, be they real or "virtual".
In leaving the word "is" in the definition they found
unconstitutional, and not excepting it from their decision,

the Supreme Court included any and **all** images, be they
real or virtual, and removed the **statute** definition of
what is proscribed.

The effect of that wording in **the** decision decriminalized
the possession of child pornography **images**.   There now
exists no statute under which any **reasona**ble construction
may be made to **arrest, prosecute, convict**, or sentence
a person the Government asserts is in **vi**olation of the
unlawful statute, 18 U.S.C. § 2252A**(a)**(5)(B).

The effect of the Supreme **Court's** decision in Ashcroft
invalidated the entire CPPA.  The **decision** decriminalized
the conduct proscribed under 18 **U.S.C.** § 2252A(a)(5)(B).
The charge of criminal conduct **against** the Petitioner,
contained in the indictment, is not **supported** by the fact
that the conduct is not a crime.  **The P**etitioner committed
no unlawful act for which he may be **charg**ed.  The incarceration
of the Petitioner is not supported **by the** Constitution
of the United States and is **therefore** unlawful.  It is
a violation of the Petitioner's **Constitut**ional rights.

The Government will seek an **affirma**tive argument by
claiming that Ashcroft speaks only **to the** issue of "virtual"
child pornography and does not **apply to** the Petitioner's
case.  However, they ignore the **fact that** 18 U.S.C. §2256(A)(B)
contains the significant word "**is**", **follow**ed by a ",".
This significance is underlined **by the** Court finding
the entire definition "overbroadan**d unconst**itutional."

The word "is" being included **in the** definition gives
meaning that the Government has **relied on**, successfully,
in prosecutions for several years.  **Prior** to Ashcroft,
the Government has sought support **from** that very word
in that definition to give meaning **to what** constitutes
child pornography.  However, since **Ashcroft**, the GOvernment
has been doing its best to ignore **that** "is" is even a
part of the definition and has **tried to** focus attention
on the following words, "or appears **to be**" in making
the argument that Ashcroft pertains **only** to "virtual"

child pornography.

This argument completely ignores the existence of
the word "is" as being in the definition.  It puts the
Government in the ridiculous position of either ignoring
a word that they have previously relied upon, or defining
the word "is".

The fact that "is" is a part of the definition in
18 U.S.C. § 2256(8)(B), means that regardless of the
actual content of the images, be they real or "virtual",
all images of child pornography are covered.  If the
definition is overbroad one way, then read the other
way it is still overbroad.

The Government in its argument to the Supreme Court
made this very distinction when they tried to defend
the definition as being constitutional.  Now that they
have lost the argument before the Court, they wish to
ignore their previously defended position and seek shelter
in portraying that only "virtual" child pornography is
covered by the Court's decision.

The Petitioner contends that this is an unsupportable
argument and that the fact that "is" is a part of the
definition of 18 U.S.C. § 2256(8)(B), followed by a ",",
means that all the images, regardless of the make-up
or content, are covered by the Court's decision and as
such, he is unlawfully charged with possession of child
pornography, under a statute that ipso-facto, because
of the definition being unconstitutional, is itself
likewise, unconstitutional.

It is the Petitioner's contention that the Government
unlawfully charged him and indicted him under a statute
that was unconstitutional and that this Court lacked
jurisdiction to impose a sentence upon the Petitioner
and that the sentence is therefore unlawful and illegal.

The Petitioner further contends that the plea
agreement he entered with the Government is unlawful

as the statute which the agreement **relies** upon for the charge of Count Two, Possession of **Child** Pornography, in violation of 18 U.S.C. § 2252A**(a)(5)**(B), is ipso-facto unconstitutional because the definitions of 18 U.S.C. § 2256(8)(B) and § 2256(8)(D) are **overbroa**d and unconstitutional.

As such, **the** Petitioner's **continued** incarceration is a violation of his constitutional **rights** and is unsupported in law.

Based upon the foregoing **arguments** and authorities, and the record in this case, this **Honorable** Court is respectfully urged to grant the **Petitioner**'s motion to vacate the unlawful sentence imposed **by** this Court. At a minimum, the Petitioner begs **this** Court grant an evidentiary hearing on his motion **to vacate** his sentence and conviction for the possession **of child** pornography.

**Respectfully** submitted,

_____

John B. Sills
Pro-se

_8-1-02_
Date